IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NIMATALLAH SHAFIK MASSIS    *    CIVIL ACTION NO. PJM-05-1242
        Petitioner,
v.    *

ALBERTO GONZALES, et al.    *
        Respondents.
        ******

**MEMORANDUM OPINION**

Petitioner Nimatallah Shafik Massis ("Petitioner") filed this counseled 28 U.S.C. § 2241 Petition for habeas corpus relief on May 5, 2005, seeking to stay his deportation pending this Court's examination of the lawfulness of his final order of removal. Petitioner, who was ordered deported for the commission of an aggravated felony under provisions of the Immigration and Naturalization Act ("INA"), contends that his order of removal should be vacated because: (i) his Maryland conviction for misdemeanor reckless endangerment does not constitute an aggravated felony as defined by statute; (ii) the Board of Immigration Appeals ("BIA") erred as a matter of law in vacating Immigration Judge Lisa Dornell's decision to grant him relief from deportation under former INA, § 212(c); and (iii) he received ineffective assistance during deportation proceedings. Paper No. 1 at 6-8.

Both Petitioner and Respondents have moved to transfer the case to the United States Court of Appeals for the Fourth Circuit based on the recently enacted Real ID Act of 2005, Pub. L. No. 109-13, Div. B, §106(a), (c), 119 Stat. 231 (2005) ("RIDA"). By separate order the Petition shall be transferred.

## I. Factual Background

Petitioner is a native and citizen of Jordan who was admitted to the United States as a lawful permanent resident in 1974. In 1995, he was convicted in the Circuit Court for Montgomery County of the offense of reckless endangerment, in violation of Md. Code Ann., Art. 27, § 120, and sentenced to a five-year term, suspended, and two years of supervised release. According to Respondents, Petitioner was charged as removable as an alien convicted an aggravated felony/crime of violence, and conceded removability in his deportation proceedings. Petitioner alternatively applied for relief from deportation under former INA, § 212(c), and was granted relief by Immigration Judge Dornell on March 19, 2003. On February 25, 2005, however, the BIA sustained the government's appeal, vacated Judge Dornell's grant of § 212(c) relief, and ordered Petitioner deported to Jordan. Petitioner filed a timely petition for review ("PFR") with the United States Court of Appeals for the Fourth Circuit. The PFR remains pending as of the within signature date. *See Massis v. Gonzales*, CA-05-1329. Respondents indicate that on May 23, 2005, Petitioner was taken into custody of Immigrant and Customs Enforcement pending his deportation.

## II. Analysis

Signed into law by the President on May 11, 2005, RIDA substantially modifies the avenue aliens must traverse to obtain judicial review of an order of removal. Section 106(a) of the new law states: "a petition for review filed with an appropriate court of appeals .... *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act"(emphasis added).[1] Section 106 divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review

---

[1] This provision is codified at INA , § 242(a)(5), 8 U.S.C. §1252(a)(5).

of such orders in the federal appeals court for the district in which the removal order was issued.  Further, § 106(c) of the Act provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ....

Congress specifically intended for the amendments under RIDA to take effect immediately.  The Act states that its provisions shall take effect on the date of enactment and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment" of the Act.   RIDA, §106(b).

### III.   Conclusion

This action was pending in this court on the date of RIDA's enactment. Accordingly, the case will be transferred to the United States Court of Appeals for the Fourth Circuit in accordance with § 106 of RIDA.  A separate Order reflecting this Memorandum Opinion follows.


Date:    June 27, 2005                                     /s/
                                                PETER J. MESSITTE
                                         UNITED STATES DISTRICT JUDGE